United States District Court

District of Guam

**FILED**
DISTRICT COURT OF GUAM
APR 21 2006
MARY L.M. MORAN
CLERK OF COURT

## Petition for Warrant or Summons for Offender Under Supervision

| | | | |
|---|---|---|---|
| Name of Offender: | **Rolando DeGuzman** | Case Number: | **CR 94-00042-001** |

Name of Sentencing Judicial Officer:    Honorable John S. Unpingco

Date of Original Sentence:    November 8, 1994

Original Offense:    Distribution of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1).

Original Sentence:    135 month term of imprisonment, followed by a five year term of supervised release with conditions: not commit another federal, state, or local crime; not illegally possess a controlled substance; not possess a firearm or destructive device; comply with the standard conditions of supervision; shall participate in a drug and alcohol treatment program in accordance with the policies and procedures of the U.S. Probation Office during the term of supervised release; subjected to random and scheduled urinalysis to determine if the defendant has reverted to the use of illicit substances; and pay a $50 special assessment fee. **Modified on October 7, 2003** to include that he submit to search of his person, residence, vehicle, office, or any property under his control to a search.

| | | | |
|---|---|---|---|
| Type of Supervision: | Supervised Release | Date Supervision Commenced: | November 17, 2003 |
| Assistant U.S. Attorney: | Karon V. Johnson | Defense Attorney: | William Bischoff |

### PETITIONING THE COURT

[X] To issue a warrant

[ ] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | Failed to submit monthly supervision report as required. |
| 2. | Failed to notify of change in residence as required. |

U.S. Probation Officer Recommendation:

[X] The term of supervision should be

    [X] revoked.

    [ ] extended for _____ years, for a total term of _____ years.

[ ] The conditions of supervision should be modified as follows:

*See attached Declaration in Support of Petition; Warrant of Arrest Requested.*

| Reviewed by: | Reviewed by: | I declare under penalty of perjury that the foregoing is true and correct. |
|---|---|---|
| *[signature]* | *[signature]* | by: *[signature]* |
| ROSSANNA VILLAGOMEZ-AGUON | KARON V. JOHNSON | JOHN W. SAN NICOLAS II |
| U.S. Probation Officer Supervision Unit Leader | Assistant U.S. Attorney | U.S. Probation Officer |
| Date: 4.17.2006 | Date: 4.18.2006 | Date: April 14, 2006 |

THE COURT ORDERS:

[ ] No Action.

[✓] The Issuance of a Warrant.

[ ] The Issuance of a Summons.

[ ] Other

*[signature]*
Signature of Judicial Officer
**FRANCES TYDINGCO-GATEWOOD,**
Designated Judge

April 21, 2006
Date

RECEIVED
APR 19 2006
DISTRICT COURT OF GUAM
HAGATNA, GUAM
ORIGINAL
00:17

# VIOLATION WORKSHEET

1. Defendant: Rolando DeGuzman
2. Docket Number (Year-Sequence-Defendant No.): 94-00042-001
3. District/Office: 0993/1
4. Original Sentence Date: 11 / 8 / 94 (month / day / year)

(If different than above):

5. Original District/Office: 
6. Original Docket Number (Year-Sequence-Defendant No.): 

7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|---|
| • *Shall submit monthly supervision reports* | C |
| • *Shall notify probation office of change in residence* | C |
| • | |
| • | |
| • | |
| • | |

8. Most Serious Grade of Violation (see §7B1.1(b)): **C**

9. Criminal History Category (see §7B1.4(a)): **III**

10. Range of Imprisonment (see §7B1.4(a)): **5-11 months**

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

[X] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[ ] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[ ] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Defendant: Rolando DeGuzman

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    | | | | |
    |---|---|---|---|
    | Restitution ($) | N/A | Community Confinement | N/A |
    | Fine ($) | N/A | Home Detention | N/A |
    | Other | N/A | Intermittent Confinement | N/A |

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years.

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from imprisonment: 49-55 months

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

    None.

15. **Official Detention Adjustment** (see §7B1.3(e)): 0 months 0 days

**Mail documents to:** United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002

Case 1:94-cr-00042   Document 23   Filed 04/21/2006   Page 4 of 7

# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF GUAM

| | | |
|---|---|---|
| United States of America,<br>Plaintiff, | )<br>)<br>) | CRIMINAL CASE NO. 94-00042-001 |
| | ) | **DECLARATION IN SUPPORT OF PETITION** |
| vs. | )<br>) | |
| ROLANDO DEGUZMAN,<br>Defendant. | )<br>)<br>) | |

**Re: Warrant of Arrest Requested**

I, U.S. Probation Officer John W. San Nicolas II, am the U.S. Probation Officer assigned to prepare a report on the compliance of Rolando DeGuzman with his conditions of supervised release, and in that capacity declare as follows:

On November 8, 1994, Rolando DeGuzman was sentenced in the District Court of Guam to a 135 month term of imprisonment followed by a five year term of supervised release for the offense of Distribution of Methamphetamine, in violation of 21 U.S.C.§841(a)(1). On November 17, 2003, Mr. DeGuzman began his term of supervised release in the Northern District of California. On October 7, 2003, supervised release conditions were modified by the Court to include that he submit to search of his person, residence, vehicle, office, or any property under his control to a search. On March 28, 2006, this Officer received a letter from Northern District Of California U.S. Probation Officer Shaheen Shan requesting a warrant and transfer of jurisdiction for Mr. DeGuzman because he is in violation of the terms of his supervised release. Mr. DeGuzman is alleged to have violated the following conditions of supervision:

DECLARATION IN SUPPORT OF PETITION
Warrant of Arrest Requested
Re:   DEGUZMAN, Rolando
USDC Cr. Cs. No. 94-00042-001
April 14, 2006
Page 2

**Standard Condition 1:** *The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.*

Mr. DeGuzman has failed to submit monthly supervision reports as required for the months of September, November, and December 2005, and January, February, and March 2006. U.S. Probation Officer Shaheen Shan's met with Mr. DeGuzman on January 19, 2006. She noted that he was unemployed at the time and was providing care for his ailing mother, who has been diagnosed with a brain tumor. During the office contact, Officer Shan admonished Mr. DeGuzman for failing to submit his monthly supervision report since September 2005.

**Standard Condition 2:** *The defendant shall notify the probation officer within 72 hours of any change in residence or employment.*

On March 14, 2006, U.S. Probation Officer Shaheen Shan received a call from Mr. DeGuzman's sister, Carolina DeGuzman, who reported that her brother had moved from the approved residence during the middle part of February 2006. Officer Shan left voice messages on an answering machine for Mr. DeGuzman on the telephone number provided by his sister on March 14, 2006, March 15, 2006, March 20, 2006, and March 21, 2006. To date, he has failed to respond to any of the messages. On March 15, 2006, a certified appointment letter was mailed to Mr. DeGuzman instructing him to report to the Probation Office on March 22, 2006 at 8:30 a.m. He failed to report as instructed. To date, all attempts to contact Mr. DeGuzman have been unsuccessful and his current whereabouts are unknown.

**Supervision Compliance:** Except as outlined above, Mr. DeGuzman has complied with the following conditions of supervision since being placed on supervised release. He paid his $50 special assessment fee on September 1, 1996, and completed drug and alcohol treatment program as required on December 20, 2004.

**Recommendation:** This Probation Officer respectfully requests that the Court issue a Warrant of Arrest for Rolando DeGuzman to appear for a hearing to answer or show cause why his term of supervised release should not be revoked pursuant to 18 U.S.C. § 3583.

DECLARATION IN SUPPORT OF PETITION
Warrant of Arrest Requested
Re: DEGUZMAN, Rolando
USDC Cr. Cs. No. 94-00042-001
April 14, 2006
Page 3

Executed this 14th day of April 2006, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Respectfully submitted,

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By: _____
JOHN W. SAN NICOLAS II
U.S. Probation Officer

Reviewed by:

_____
ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

cc: Karon V. Johnson, AUSA
William Bischoff, Defense Counsel
USPO Shaheen Shan, Northern District of California
File